IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE NANTHEALTH, INC.
STOCKHOLDER DERIVATIVE
LITIGATION                                            No. 18-cv-00551-SB

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Phillip Kim, THE ROSEN LAW FIRM, P.A., New York, New York; Matthew M. Houston, Benjamin I. Sachs-Michaels, GLANCY PRONGAY & MURRAY LLP, New York, New York; Robert V. Prongay, Pavithra Rajesh, GLANCY PRONGAY & MURRAY LLP, Los Angeles, California; Timothy Brown, THE BROWN LAW FIRM, P.C., Oyster Bay, New York.

*Counsel for Plaintiffs.*

Lori W. Will, Ian R. Liston, Lindsay K. Faccenda, Jeremy W. Gagas, WILSON SONSINI GOODRICH & ROSATI, P.C., Wilmington, Delaware.

*Counsel for Defendant Patrick Soon-Shiong and Nominal Defendant NantHealth, Inc.*

**MEMORANDUM OPINION**

May 12, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Director and CEO Patrick Soon-Shiong paid his debt to shareholders. Now those shareholders want to hold him accountable to the corporation. But the shareholders gave up their right to bring these derivative claims.

## I. BACKGROUND

I take the shareholders' well-pleaded allegations as true. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021). Patrick Soon-Shiong heads NantHealth, a genetic-sequencing company. Am. Compl. ¶¶ 2, 28, D.I. 18. He also runs three nonprofits. *Id.* ¶ 29. These nonprofits signed contracts with the University of Utah. *Id.* ¶ 3. They agreed to donate $12 million to University, which in exchange "would award a $10 million contract to" NantHealth for its big research project. *Id.* ¶¶ 3–4, 6.

Contract in hand, NantHealth went public. *Id.* ¶ 7. In NantHealth's forms, Soon-Shiong made it seem like the University "independently chose" NantHealth, not that it did so because of Soon-Shiong's donations. *Id.* ¶ 9. Later, Soon-Shiong said that NantHealth's genetic services were in high demand, hiding that the University's contract accounted for much of NantHealth's business. *Id.* ¶¶ 10–11.

Once the news of Soon-Shiong's donations broke, shareholders filed federal and state class actions. *Deora v. NantHealth, Inc., et al.*, No. 2:17-cv-01825 (C.D. Cal. Mar. 7, 2017); *Bucks Cnty. Emps. Ret. Fund v. NantHealth, Inc., et al.*, No. BC662330 (Cal. Super. Ct. May 22, 2017). The federal case settled for $16.5 million. *Deora*, Settlement Order, D.I. 132.

Not satisfied with that settlement, two shareholders from that class action brought this derivative suit. They assert claims on the corporation's behalf based on

2

the same alleged misconduct by Soon-Shiong. Pointing to the settlement agreement in the other federal case, Soon-Shiong asks me to dismiss this one. I will grant his motion.

## II. THE SETTLEMENT RELEASE BARS THESE CLAIMS

In settling the other federal case, NantHealth's shareholders signed a release. Since that release is on the federal docket, I may take judicial notice of it. Fed. R. Evid. 201(b)(2); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Per the release, the settlement was "a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and the Class Members against the Released Parties with respect to the Released Claims." D.I. 22, Ex. I §XV(I). Once the California court approved the settlement, that release kicked in to bar future claims. *In re Prudential Ins. Co. of Am. Sales Prac. Lit.*, 261 F.3d 355, 366 (3d Cir. 2001).

The shareholders do not dispute that the release binds them. *Compare* Am. Compl. ¶¶ 25–26 *with* D.I. 22, Ex. I §I(C). Soon-Shiong says that ends the inquiry: plainly read, the release bars the current claims. Yet the California case involved shareholders bringing *direct* claims, while this case features *derivative* claims. That, the shareholders insist, makes all the difference. I disagree.

In a direct suit, a shareholder asserts a claim on his own behalf. In a derivative suit, he asserts it on the corporation's behalf. In other words, the claim "belongs to the corporation, not the stockholder." *White v. Panic*, 783 A.2d 543, 546 (Del. 2001). The corporation suffered the harm, and it will get any money recovered. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004). Still, the shareholder, not the corporation, brings the claim.

This settlement release bars "all claims … whatsoever" "which could be asserted" by NantHealth's shareholders. D.I. 22, Ex. I §§ I(C), (BB), XV(I). Though these derivative claims do not *belong* to the shareholders, they are *asserted* by them. *Zapata Corp. v. Maldonado*, 430 A.2d 779, 784 (Del. 1981). Plainly read, the shareholders' current claims fall within the release's terms. So the release bars them. *In re Prudential Ins.*, 261 F.3d at 366–67. Of course, if NantHealth chose to bring its own suit, the release would not bar it. In the California case, NantHealth was a defendant, not a class member, so it released no claims. D.I. 22, Ex. I § I(H). If it wants to, it can sue Soon-Siong itself for its harms; the shareholders simply cannot force it to do so via a derivative suit. *Zapata*, 430 A.2d at 784.

Trying to wriggle out of the release, the shareholders make three objections. First, they note that the two suits feature different claims. In the California suit, the shareholders sued for securities violations. *Deora*, Am. Compl. ¶¶ 166, 177, 185, 195, 200, D.I. 38. Here, they sued for more securities violations, breach of fiduciary duty, and contribution. Am. Compl. ¶¶ 245, 250, 257. But the release covers these new claims too. For they "arise out of" or "relate" to Soon-Shiong's original misdeeds. D.I. 22, Ex. I § I(BB).

Next, the shareholders say that they could not have brought these claims sooner. True, the shareholders now point to some of Soon-Shiong's misstatements that the California complaint overlooked, including ones he made after that complaint was filed. But that case did not settle until two years after these misstatements. The release bars those claims that "could have been … asserted in" the California complaint.

D.I. 22, Ex. I § I(BB). The shareholders could have asked to amend their complaint to include these omitted misstatements. Fed. R. Civ. P. 15(a)(2). Plus, they could have brought their direct and derivative claims in one suit. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998); *Kusner v. First Pa. Corp.*, 531 F.2d 1234, 1237 (3d Cir. 1976). The shareholders already had one swipe at Soon-Shiong; they should have made the most of it then.

Finally, the shareholders complain that they did not *intend* to give up their right to bring derivative claims. No matter. The release's plain language controls. *Deuley v. DynCorp Int'l, Inc.*, 8 A.3d 1156, 1163–66 (Del. 2010). If the shareholders had wanted to keep their right to bring a derivative suit, they should have negotiated a release that said so.

\* \* \* \* \*

Because the settlement release bars the shareholders' current claims, I need not address Soon-Shiong's other argument that the shareholders failed to state a claim for relief. I will dismiss this suit with prejudice.